UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**EDMUND CARTER, Individually and on Behalf of All Other Persons Similarly Situated,**

824 8th Street,
Laurel, Maryland 20707

        **Plaintiffs,**

v.

**MV TRANSPORTATION, INC.,**

6500 Ammendale Road
Beltsville, Maryland 20705

SERVE: RESIDENT AGENT
THE CORPORATION TRUST INCORPORATED
300 East Lombard Street
Baltimore, MD 21202

        **Defendant**

C.A. No. 2009-

## COMPLAINT

### Introduction

1. Defendant has since at least March 3, 2006, willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), by failing to pay Plaintiff, Edmund Carter ("Plaintiff"), and all other persons employed by it as Drivers, one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

2. This action is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who are or have been employed by Defendant anywhere in the United States as Drivers between March 3, 2006 and the date of final disposition of this action (the "FLSA Class Period").

3. Plaintiff and all similarly situated Drivers are hereinafter referred to collectively as "the FLSA Class."

4. The FLSA Class Members are similarly situated because they all perform the same basic duties, responsibilities and activities, and are all subject to Defendant's common policy and practice of failing to pay its Drivers one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

7. Plaintiff, Edmund Carter, resides at 824 8th Street, Laurel, Maryland.

8. Defendant regularly conducts business in this District.

9. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

10. Defendant is engaged in interstate commerce and is an "enterprise" within the meaning of §3(r) of the FLSA (29 U.S.C. §203(r)). At all times relevant, Plaintiff, and all others similarly situated, were individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§206-207.

## Parties

11. Since at least March 3, 2006 through the present, Defendant employed Plaintiff as a Driver.

12. On information and belief, Defendant is a corporation with an office at 6500 Ammendale Road, Beltsville, Maryland.

13.     Since at least March 3, 2006, Defendant has regularly transacted business within this District.

### Individual Allegations

14.     During the FLSA Class Period, Defendant has been engaged in the business of providing paratransit service to elderly and disabled individuals.

15.     During the FLSA Class Period, Plaintiff's duties, responsibilities and activities have included, without limitation, driving elderly and disabled residents.

16.     While working for Defendant, Plaintiff did not drive a vehicle with a gross vehicle weight rating or gross vehicle weight over 10,000 pounds.

17.     While working for Defendant, Plaintiff did not drive a vehicle that was designed or used to transport more than eight passengers (including the driver) for compensation.

18.     While working for Defendant, Plaintiff did not drive a vehicle that was designed or used to transport more than fifteen passengers (including the driver) for compensation.

19.     While working for Defendant, Plaintiff did not drive a vehicle that was used for transporting hazardous material.

20.     Defendant was at all relevant times an "employer" of the Plaintiff as that term is defined in 29 U.S.C. §203(d).

21.     During the FLSA Class Period, Plaintiff was paid on an hourly basis.

22.     During the FLSA Class Period, Plaintiff's hours varied from workweek to workweek.

23.     During the FLSA Class Period, Plaintiff worked more than forty hours in at least one workweek.

24.     During the FLSA Class Period, Plaintiff was not paid overtime wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty during each workweek, as required by the FLSA and applicable state laws.

25.     During the FLSA Class Period, Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

26.     During the FLSA Class Period, Defendant was aware that Plaintiff was not exempt from the overtime provisions of the FLSA.

27.     Annexed hereto as **Exhibit A** is a written consent to the filing of this Complaint duly executed by Plaintiff pursuant to 29 U.S.C. §216(b).

### FLSA Collective Action Allegations

28.     While the exact number of members of the FLSA Class is unknown to Plaintiff at the present time, Plaintiff believes that at least several hundred similarly situated persons are or have been employed by Defendant as Drivers since March 3, 2006.  Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class.

29.     During the FLSA Class Period, the duties, responsibilities, and activities of the FLSA Class Members were essentially the same as the duties, responsibilities, and activities of Plaintiff.

30.     During the FLSA Class Period, the FLSA Class Members were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

31.     While working for Defendant during the FLSA Class Period, the FLSA Class Members did not drive a vehicle with a gross vehicle weight rating or gross vehicle weight over 10,000 pounds.

32. While working for Defendant during the FLSA Class Period, the FLSA Class Members did not drive a vehicle that was designed or used to transport more than eight passengers (including the driver) for compensation.

33. While working for Defendant during the FLSA Class Period, the FLSA Class Members did not drive a vehicle that was designed or used to transport more than fifteen passengers (including the driver) for compensation.

34. While working for Defendant during the FLSA Class Period, the FLSA Class Members did not drive a vehicle that was used for transporting hazardous material.

35. During the FLSA Class Period, Defendant was an "employer" of the FLSA Class Members as that term is defined in 29 U.S.C. §203(d).

36. During the FLSA Class Period, the FLSA Class Members were paid on an hourly basis.

37. During the FLSA Class Period, the hours worked by the FLSA Class Members varied from workweek to workweek.

38. During the FLSA Class Period, the FLSA Class Members worked more than forty hours in at least one workweek.

39. During the FLSA Class Period, the FLSA Class Members were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

40. During the FLSA Class Period, the FLSA Class Members were not exempt from the overtime provisions of the FLSA.

41. During the FLSA Class Period, Defendant was aware that the FLSA Class Members were not exempt from the overtime provisions of the FLSA.

42. Plaintiff is currently unaware of the identities of all the members of the FLSA Class.

43. Defendant violated 29 U.S.C. §207(a) by failing to pay Plaintiff and the FLSA Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

44. Defendant's violations of 29 U.S.C. §207(a) were willful, repeated, intentional, and not in good faith.

45. Plaintiff and the FLSA Class Members have been damaged by said violations of 29 U.S.C. §207(a).

46. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to Plaintiff and the FLSA Class Members for the full amount of their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys' fees and costs.

### Claims for Relief

Wherefore, Plaintiff respectfully request that the Court:

A. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendant to provide Plaintiff with lists of all persons employed by it as Drivers during the FLSA Class Period, including but not limited to the last known address, social security number, and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Determine the damages sustained by Plaintiff and the FLSA Class Members as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against Defendant and in favor of Plaintiff and the FLSA Class Members, plus an additional equal

amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

C.   Award Plaintiff and the FLSA Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

D.   Grant Plaintiff and the FLSA Class Members such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**.

By their attorneys,

*/s/ Philip B. Zipin*

Philip B. Zipin, Esquire
THE ZIPIN LAW FIRM, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD  20910
pzipin@zipinlaw.com
Tel:   (301) 587-9373
Fax:   (301) 587-9397

Francis Dibble, Esquire
Kevin Maynard, Esquire
BULKLEY, RICHARDSON & GELINAS, LLP
1500 Main Street, Suite 2700
Springfield, Massachusetts 01115
kmaynard@bulkley.com
Tel.:   (413) 781-2820
Fax:   (413) 785-5060

Jeffrey S. Morneau, Esquire
DONOHUE, HYLAND & DONOHUE, P.C.
1707 Northampton Street
Holyoke, Massachusetts 01040
jmorneau@donohuehyland.com
Tel:   (413) 536-1977
Fax:   (413) 538-7138